UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLGA CABALLERO, JIE DU, by her friend
MICHAEL TONG, ALEXANDRA
NEGRON, MARIANO VAZQUEZ, by his
next friend IRAIDA VASQUEZ; and JUAN
SANTOS, by his next friend RITA BAEZ,
*Individually and on Behalf of All
Others Similarly Situated,*

      Plaintiffs,

  -against-

SENIOR HEALTH PARTNERS, INC.;
HEALTHFIRST, INC.; HF MANAGEMENT
SERVICES, LLC; HEALTHFIRST HEALTH
PLAN, INC.; XYZ CORPORATIONS 1-10;
and HOWARD ZUCKER, as Commissioner of
the New York State Department of Health,

      Defendants.
------------------------------------------------------------X

MADELINE BUCCERI, PATRICIA
TRUJILLO, And LOURDES LO, *on Behalf
of Themselves and All Others Similarly
Situated*,

      Plaintiffs,

  -against-

HOWARD ZUCKER, as Commissioner of
the New York State Department of Health;
HF MANAGEMENT SERVICES, LLC;
SENIOR HEALTH PARTNERS, INC.; HF
ADMINISTRATIVE SERVICES, INC.;
HEALTHFIRST, INC.; HEALTHFIRST
HEALTH PLAN, INC.,

      Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
16 CV 00326 (CLP)

18 CV 02380 (CLP)

**POLLAK**, United States Magistrate Judge:

On September 4, 2018, this Court entered an Order granting preliminary approval of the Class Settlement, preliminarily certifying the Settlement Class, appointing the Named Plaintiffs as representatives of the Class, appointing the New York Legal Assistance Group, The Legal Aid Society, Winston & Strawn LLP, and Paul, Weiss, Rifkind, Wharton & Garrison LLP as Class Counsel, and approving the proposed Notice of Class Action Settlement and the proposed method of distribution.

On November 29, 2018, this Court held a fairness hearing to determine whether the Settlement was "fair, reasonable, and adequate." City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds, Goldberger v. Integrated Restaurant, Inc., 209 F.3d 43 (2d Cir. 2000).

For the reasons set forth below, the Court approves the proposed Class Settlement, certifies the Settlement Class, and approves plaintiffs' counsel's award of attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2016, plaintiffs Olga Caballero, Jie Du, by her friend, Michael Tong, and Alexandra Negron (the "Caballero Plaintiffs"), commenced this class action, individually and on behalf of all others similarly situated, against defendants Senior Health Partners, Inc., Healthfirst, Inc., HF Management Services, LLC, Healthfirst Health Plan, Inc., XYZ Corporations 1-10, Howard Zucker, as Commissioner of the New York State Department of Health, and Samuel D. Roberts, as Commissioner of the New York State Office of Temporary and Disability Assistance,

2

alleging violations of the Medicaid Act, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the U.S. Constitution, and New York State laws. Plaintiffs, recipients of Medicaid-funded home care services through two Managed Long Term Care ("MLTC") health plans – Senior Health Partners or Healthfirst CompleteCare – claimed that the Healthfirst defendants ("Healthfirst") unlawfully: 1) reduced or threatened to reduce the Caballero Plaintiffs' home healthcare services; 2) denied or refused to consider increases in the Caballero Plaintiffs' home healthcare services; and 3) failed to provide timely and adequate notice to the Caballero Plaintiffs about the reduction or denial of services. (Caballero Compl.[1] ¶ 4; Caballero Pls.' Mem.[2] at 1). On April 1, 2016, the Caballero Plaintiffs filed a First Amended Class Action Complaint, adding as plaintiffs Mariano Vazquez, by his next friend Iraida Vasquez, and Juan Santos, by his next friend Rita Baez. (Caballero Am. Compl.[3]).

On October 24, 2016, plaintiffs Madeline Bucceri, Patricia Trujillo, and Lourdes Lo (the "Bucceri Plaintiffs," together with the Caballero Plaintiffs, the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, commenced a class action in the Southern District of New York against defendants Howard Zucker, in his official capacity as Commissioner of the

---

[1] Citations to "Caballero Compl." refer to the Complaint filed by the Caballero Plaintiffs on January 21, 2016.
[2] Citations to "Caballero Pls.' Mem." refer to the Plaintiffs' Unopposed Memorandum of Law in Support of Their Motion for Class Certification in Connection with Settlement, Appointment of Class Representatives and Class Counsel, Preliminary Approval of the Parties' Settlement Stipulation, and Approval of Notice to Class Members, filed April 20, 2018.
[3] Citations to "Caballero Am. Compl." refer to the Caballero Plaintiffs' First Amended Complaint, filed April 1, 2016, Ex. B to the Notice of Proposed Class Action Settlement Under 28 U.S.C. § 1715 ("Notice"), filed on May 4, 2018, ECF No. 94-2.

New York State Department of Health, HF Management Services, LLC, Senior Health Partners, Inc., HF Administrative Services, Inc., Healthfirst, Inc. and Healthfirst Health Plan, Inc., also raising claims on behalf of current and future Medicaid recipients who receive or will receive Medicaid-funded home care services from two Healthfirst MLTC plans, Senior Health Partners, Inc. and CompleteCare. (Bucceri Compl.[4] ¶ 1). The Bucceri Plaintiffs allege that they have asked for an increase in their home care services, and rather than timely recording, assessing, and determining these requests, defendants ignored or used flawed systems of assessment, systematically denying or reducing their needed service.

Following the filing of the Amended Complaint in the Caballero action, the parties engaged in extensive settlement negotiations under the supervision of this Court. At the direction of the Honorable Vernon S. Broderick, United States District Judge for the Southern District of New York, the Bucceri Plaintiffs joined in the settlement negotiations before the undersigned. Ultimately, the parties were able to reach a settlement and successfully integrated the Bucceri claims into the settlement agreement as well.

On April 20, 2018, the Bucceri Plaintiffs moved to transfer the Bucceri action from the Southern District of New York to this Court, and on April 23, 2018, Judge Broderick ordered the case transferred to the Eastern District of New York. On July 10, 2018, the Caballero Plaintiffs consented to have the case assigned to the undersigned for all purposes; the Bucceri Plaintiffs

---

[4] Citations to "Bucceri Compl." refer to the Bucceri Plaintiffs' Class Action Complaint, filed October 24, 2016.

also consented to the undersigned's jurisdiction on the same day.  On July 19, 2018, the parties in both actions sought to consolidate the cases with an eye to consummating the settlement reached among all parties.

The consolidated settlement seeks to certify a class consisting of all current and future Medicaid recipients who receive Home Care Services through Healthfirst Defendants.  (Sett. Agr.,[5] Art. III (A)).

In granting preliminary approval of the Class Settlement, this Court set forth in its September 4, 2018 Order a detailed analysis of the legal standards under Rule 23 of the Federal Rules of Civil Procedure and the application of those standards to the facts and circumstances surrounding this Settlement.  See Caballero by Tong v. Senior Health Partners, Inc., No. 16 CV 0326, 2018 WL 4210136 (E.D.N.Y. Sept. 4, 2018).  With respect to class certification, the Court found that the proposed Class met all of the requirements of Federal Rule of Civil Procedure 23(a) – namely, numerosity, commonality, typicality, and adequacy of representation.  The Class also met the requirements of Federal Rule of Civil Procedure 23(b)(2) in that injunctive relief was appropriate to the Class as a whole.  That analysis is incorporated by reference herein and repeated only to the extent necessary to address issues relating to Final Approval of the Settlement.

For the reasons set forth below, the Court approves the proposed Class Settlement as fair, reasonable, and adequate under the applicable standards.

---

[5] Citations to "Sett. Agr." refer to the proposed Stipulation and Order of Settlement, attached as Ex. E to the Notice of Proposed Class Action Settlement Under 28 U.S.C. § 1715 ("Notice"), filed on May 4, 2018.

DISCUSSION

A. Approval of the Settlement

To grant approval of a class settlement under Rule 23(e), the Court must determine that the proposed settlement is "fair, adequate, and reasonable, and not the product of collusion." Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000) (citations omitted); see Fed. R. Civ. P. 23(e). Judicial policy favors the settlement and compromise of class actions. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116-17 (2d Cir. 2005); see also In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 535 (3d Cir. 2004). Whether a settlement is fair is a determination within the sound discretion of the court. Levitt v. Rodgers, 257 F. App'x 450, 453 (2d Cir. 2007) (citing In re Ivan F. Boesky Sec. Litig., 948 F.2d 1358, 1368 (2d Cir. 1991)).

Generally, approval of a class action settlement involves a two-step process. First, the court preliminarily approves the proposed settlement by evaluating the written submissions and informal presentation of the settling parties and the negotiating process leading to the settlement. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d at 116. Second, the court holds a fairness hearing to "determine whether the settlement's terms are fair, adequate, and reasonable[.]" Capsolas v. Pasta Res., Inc., No. 10 CV 5595, 2012 WL 4760910, at *4 (E.D.N.Y. Oct. 5, 2012).

1. Analysis of Procedural Fairness

In determining whether to approve a settlement, the court must consider whether the settlement was procedurally fair – that is, whether the settlement was "achieved through arms-length negotiations by counsel with the experience and ability to effectively represent the class's interests." Becher v. Long Island Lighting Co., 64 F. Supp. 2d 174, 178 (E.D.N.Y. 1999) (citing Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982)); see also D'Amato v. Deutsche Bank,

236 F.3d 78, 85 (2d Cir. 2001) (noting that the district court must "determine a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms"); In re Nissan Radiator/Transmission Cooler Litig., No. 10 CV 7493, 2013 WL 4080946, at *4 (S.D.N.Y. May 30, 2013). In reviewing a proposed settlement, the court has the "'fiduciary responsibility of ensuring that the settlement is . . . not a product of collusion, and that the class members' interests [were] represented adequately.'" Clement v. Am. Honda Fin. Corp., 176 F.R.D. 15, 29 (D. Conn. 1997) (internal citation omitted) (quoting In re Warner Commc'ns Secs. Litig., 798 F.2d 35, 37 (2d Cir. 1986)).

In its preliminary approval Order, the Court found that the proposed Settlement was entered into only after plaintiffs' counsel had conducted a thorough investigation, obtained extensive discovery, and analyzed the risks of proceeding to trial in this matter. Caballero by Tong v. Senior Health Partners, Inc., 2018 WL 4210136, at *11 (citing Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d at 116 for the presumption of fairness when a class settlement has been reached after "arm's-length negotiations between experienced, capable counsel after meaningful discovery"). Not only did counsel engage in negotiations that involved thousands of hours of work and difficult concessions, but the parties also appeared before this Court numerous times, reaching a resolution that was hard fought on both sides. Id. (citing Caballero Pls.' Mem. at 16); (see also Tr.[6] at 22).

Based on these factors, the Court continues to find that the process of reaching this proposed Settlement was procedurally fair. See id.

---

[6] Citations to "Tr." refer to the Transcript of the Fairness Hearing held before this Court on November 29, 2018.

2. Analysis of Substantive Fairness

As set forth in its September 4, 2018 Order, the Court must also determine if the Settlement is substantively fair. In the Order granting preliminary approval of the Settlement, this Court evaluated the nine factors set out by the Second Circuit in City of Detroit v. Grinnell Corp. Caballero by Tong v. Senior Health Partners, Inc., 2018 WL 4210136, at *10 (quoting 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted), abrogated on other grounds, Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000)). These factors include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation[.]

City of Detroit v. Grinnell Corp., 495 F.2d at 463; see also D'Amato v. Deutsche Bank, 236 F.3d at 86; Garcia v. Pancho Villa's of Huntington Village, No. 09 CV 486, 2012 WL 5305694, at *4 (E.D.N.Y. Oct. 4, 2012).

1. Complexity, Expense, and Likely Duration of the Litigation

Turning to the first Grinnell factor, this Court, in its September 4, 2018 Order, examined plaintiffs' claims that "[a] trial in this matter would likely consume tremendous time and resources." Caballero by Tong v. Senior Health Partners, Inc., 2018 WL 4210136, at *11. The Court additionally noted plaintiffs' claims that "there would likely have been extensive motion practice involving the issues raised in connection with the Medicaid program," including "motions for and oppositions to certification and decertification, in the event that the case

8

survived the motion to dismiss." Id. at *11 (citing Caballero Pls.' Mem. at 18).  The Court therefore concluded that "the first Grinnell factor of avoiding potential protracted litigation favors settlement."  Id.

Given that this factor has not changed significantly since the Court's September Order, the Court finds that the first Grinnell factor of avoiding potential protracted litigation continues to favor settlement of this matter.

2. Reaction of Class to Settlement

The second Grinnell factor – the reaction of the Class – could not be evaluated at the time of the preliminary approval stage, but since then, the reaction has been overwhelmingly positive. At the Fairness Hearing, Bucceri Counsel explained that 190 individuals called regarding the settlement.  Of the 190 individuals, counsel spoke with 149 people.  (Tr. at 12).  Eighteen of the 149 Class Members asked for copies of the settlement agreement, which counsel mailed.  (Id.) Of those 149 people, only one expressed dissatisfaction with the terms of the agreement in that "[s]he felt that the agreement should include compensatory damages for class members." (Id. at 13).  Counsel explained to the caller that the purpose of the lawsuit was not to seek damages, and the lawsuit did not prevent the Class Member from seeking damages on her own if she wished. (Id.)  No responding member of the Class has asked to be excluded from this Settlement.  (Id.)

Two Class Members spoke at the Fairness Hearing.  One individual was disappointed with the agreement because there were no civil penalties levied against defendants, and because there were no compensatory damages for Class Members.  (Id. at 14, 17).  Class Counsel provided an explanation to the individual and agreed to speak with her privately after the hearing about her specific concerns.  (Id. at 15).  Another individual spoke at the hearing and extended

9

her gratitude to the parties. (Id. at 21, 22). The Court expressed its gratitude to both Class Members for attending the hearing and participating.

Having considered these reactions, the Court finds that, even though some of the reactions expressed dissatisfaction, these responses do not call into question the fairness of the Settlement. The vast majority of Class Members have not raised any objection to the settlement, and no Class Members have opted out. See Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 432-33 (S.D.N.Y. 2014) (holding that the fact that "the vast majority of class members neither objected not opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate") (citing Wright v. Stern, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008)); see also Sewell v. Bovis Lend Lease, Inc., No. 09 CV 6548, 2012 WL 1320124, at *7 (S.D.N.Y. Apr. 16, 2012) (stating that "[t]he fact that the overwhelming majority of class members have neither objected nor opted out weighs in favor of settlement approval"). The Court therefore finds that the positive response of the Class Members to the Settlement weighs in favor of final settlement approval.

3. Stage of the Proceedings

This factor also appears to not have changed significantly since the Court preliminarily approved the Settlement. This Court previously found that "plaintiffs have undertaken a sufficient amount of discovery to fully understand the legal and factual issues in the case." Caballero by Tong v. Senior Health Partners, Inc., 2018 WL 4210136, at *12. Given the extensive discovery conducted in this case and given the Court's experience in supervising this litigation, the Court finds this factor favors final approval of the proposed Settlement.

4. <u>The Risks of Establishing Liability</u>

The Court previously examined plaintiffs' risk of establishing liability and maintaining class certification through trial. <u>Id.</u> at *12. Defendants denied liability, and the Court noted that they "would likely pursue all potential defenses and raise multiple issues in the course of the litigation." <u>Id.</u> Accordingly, the proposed Settlement seeks to alleviate these risks.

5. <u>The Remaining Grinnell Factors</u>

In its prior Order, this Court noted that "the remaining <u>Grinnell</u> factors – the risks of establishing damages, the ability of the defendants to withstand a greater judgment, the range of reasonableness of the settlement fund in light of the risks of litigation and the best possible recovery – are not particularly applicable here where the plaintiffs seek only injunctive relief and not damages." <u>Id.</u> Citing <u>Padro v. Astrue</u>, the Court explained that where "the settlement offers the class members the most important, most tangible form of relief sought by plaintiffs," the settlement merits approval. <u>Id.</u> (citing No. 11 CV 1788, 2013 WL 5719076, at *7 (E.D.N.Y. Oct. 18, 2013)).

In this case, plaintiffs argued that the Settlement "achieves much of the relief requested and has resulted in substantial improvements in the provision of services by Healthfirst." <u>Caballero by Tong v. Senior Health Partners, Inc.</u>, 2018 WL 4210136, at *13 (citing Caballero Pls.' Mem. at 22). Given the relief requested in the <u>Caballero</u> and <u>Bucceri</u> Complaints, the Court again finds that plaintiffs achieved significant relief in terms of the changes in policies and practices set forth in the Settlement. (<u>See</u> Tr. at 7-10). As such, the Settlement offers the Class some of the most important relief that plaintiffs seek in this matter.

11

On the basis of the foregoing discussion of the Grinnell factors, the Court finds that the total Settlement award, including the deductions for administrative costs, is fair and reasonable.

6. Attorneys' Fees

The Settlement Agreement also provides for an award of attorneys' fees to Class Counsel, totaling $255,000 for Caballero Counsel and $127,500 for Bucceri Counsel. (Sett. Agr., Art. XI). Specifically, the State of New York has agreed to pay $180,000 to Caballero Counsel and $95,000 to Bucceri Counsel, while Healthfirst has agreed to pay $75,000 to Caballero Counsel and $32,500 to Bucceri Counsel. (Id.)

In considering the fee request, the Court considers: 1) counsel's time and effort in connection with the litigation; 2) the quality of the representation; 3) the complexity of the litigation; 4) the risks of litigation; 5) the relationship of the fee to the settlement; and 6) public policy concerns. See United States v. City of New York, No. 07 CV 2067, 2016 WL 3417218, at *2 (E.D.N.Y. June 16, 2016).

According to Class Counsel, they devoted thousands of hours to prosecuting this action. (Caballero Pls.' Mem. at 16). For counsel in Caballero, this time included reviewing more than 1,000 Fair Hearing decisions in which Healthfirst enrollees challenged a reduction in home health care. Caballero by Tong v. Senior Health Partners, Inc., 2018 WL 4210136, at *12. For counsel in Bucceri, this included reviewing 135 Fair Hearing decisions where the enrollees claimed they had been denied increases in their home care. Id.

The amount of time and effort required by counsel is not surprising, based on this Court's observations during settlement discussions. In this case, settlement negotiations occurred for nearly two years, from the spring of 2016 through March 2018. This Court became actively

12

involved in assisting the settlement negotiations in September 2016, and it was clear that counsel were intimately familiar with the facts and the law at issue. The litigation was risky, and liability was challenged by defendants every step of the way. As discussed supra, the fact that the Settlement provides for virtually all the relief sought for Class Members attests to the quality of Class Counsel's representation in the action. Finally, the public policy goal of providing an incentive for lawyers to take on complicated actions that assisted vulnerable communities is furthered by the attorneys' fee award in this case.

Given the above analysis of all the relevant factors, the Court approves the attorneys' fee award set forth in the Settlement.

## CONCLUSION

Having considered the parties' submissions and presentations during the Fairness Hearing, and having considered the reactions to the proposed Settlement, the Court approves the proposed Settlement Class under Federal Rule of Civil Procedure 23(b)(2), grants final approval of the Settlement Agreement, and approves Class Counsel's award for attorneys' fees.

The Clerk is directed to send copies of this Memorandum and Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
December 7, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

13